IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NAJA J. HAYMON PEYNADO,           :
         Plaintiff              :
                                :
    v.                          : CIVIL NO. 1:CV-11-1103
                                :
DANIEL J. ELLIS, SCOTT JAMES,     :
DEBBIE LOUCKS, BRIAN WHITE,       :
         Defendants             :

M E M O R A N D U M

The pro se plaintiff, Naja J. Haymon-Peynado, filed this civil-rights action arising from an infestation of bed bugs in an apartment she had rented from the York Housing Authority.  She names as defendants Debbie Loucks, the Authority's executive director; Brian White, the Authority's housing manager; Daniel J. Ellis, an officer with the Office of Inspector General for the United States Department of Housing and Urban Development; and Scott James, a detective in the York County District Attorney's Office.

We are considering James's motion to dismiss the complaint as against him.  On a motion to dismiss, "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  *Byers v. Intuit, Inc.*, 600 F.3d 286, 291 (3d Cir. 2010) (quoted case omitted).

According to the complaint, the relevant time period for the infestation was January 2011 to April 2011.  Plaintiff alleges that on February 17, 2011, she was interviewed by Ellis, and she told him about the infestation in her bed and chairs and the

resulting bug bites.  James was present during this interview.  (Doc. 1, p. 3).  Plaintiff

alleges James "is in charge of safety and protection to U.S. Citizens Housing at York

County Housing authorities . . . ."  (*Id.*).  She also alleges: "The Detective explain no

reference of alternative regarding the complaint of serious cause for safety to assist in

[bug bites] and sting . . . ."  (*Id.*).  She avers that James withheld protection and

disregarded her safety in violation of the Eighth Amendment and the Due Process

Clause of the Fourteenth Amendment.  She further alleges his conduct was negligent

under state law.  (*Id.*, p. 7 ¶ 3).  She seeks compensatory and punitive damages against

him.  (*Id.*, ¶¶ 5-6).

In moving to dismiss, James argues that as a detective in the York County

District Attorney's Office, he has no duty to prevent or cure bug infestations in federally

subsidized housing.  He also asserts the defense of qualified immunity to federal

constitutional claims.

We agree with James that the complaint fails to allege claims against him

under the Eighth Amendment or the Due Process Clause.  The Eighth Amendment

protects convicted prisoners, Meyers v. Majkic, 189 F. App'x 142, 143 n.2 (3d Cir. 2006)

(nonprecedential), not tenants in federal housing.  And the Due Process Clause imposes

no duty on a state actor to prevent harm to another from a third party.  *DeShaney v.*

*Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 196-97, 109 S.Ct. 998, 1003-04,

103 L.Ed.2d 249 (1989).  *See also Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir.

2003) (nonprecedential) (citing *DeShaney* in ruling that a state police officer's and a

county detective's mere failure to investigate was not a 42 U.S.C. § 1983 violation).

Thus, Plaintiff's allegations that Defendant withheld his protection and disregarded her

safety fail to state a due-process claim.[1]

Defendant did not address the state-law negligence claim.  James is

immune from liability on this claim because state law grants him immunity from

negligence claims.  *Sanford v. Stiles*, 456 F.3d 298, 314-15 (3d Cir. 2006); *Hernandez v.

York County*, 288 F. App'x 781, 783 (3d Cir. 2008) (per curiam) (nonprecedential).[2]

Plaintiff is proceeding in forma pauperis, so we have the authority under 28 U.S.C. §

1915(e)(2)(B)(iii) to dismiss a claim sua sponte when a defendant is immune from suit.

*Newland v. Reehorst*, 328 F. App'x 788, 791 (3d Cir. 2009) (per curiam)

(nonprecedential).  We will therefore dismiss the state-law claim as well.

Having dismissed the claims against the moving defendant, we must

decide whether we should allow Plaintiff an opportunity to amend her claims.  Pro se

litigants are to be granted leave to file a curative amended complaint "even when a

plaintiff does not seek leave to amend," unless such an amendment would be inequitable

or futile.  *Alston v. Parker,* 363 F.3d 229, 235 (3d Cir. 2004).

We will not grant leave to file an amended complaint on the constitutional

claims because such amendment would be futile.  We will also not grant leave to file an

---

[1]   In her brief in opposition to the motion to dismiss, Plaintiff asserted that Scott failed
to order federal housing officials to stop the influx of bed bugs.  (Doc. 16, p. 2).  This assertion
does not assist Plaintiff as it is also a claim that Defendant failed to help her.

[2]   There are some exceptions, *see* 42 Pa. Con. Stat. Ann. §§ 8542(b) and 8545
(West 2007), but they do not apply here.

amended state-law claim since Defendant's immunity from negligence claims renders

amendment on that claim futile as well.

 We will issue an appropriate order.


 /s/ William W. Caldwell
 William W. Caldwell
 United States District Judge


Date: November 28, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NAJA J. HAYMON PEYNADO,          :
      Plaintiff                             :
                                       :
      v.                                         :   CIVIL NO. 1:CV-11-1103
                                       :
DANIEL J. ELLIS, SCOTT JAMES,   :
DEBBIE LOUCKS, BRIAN WHITE,    :
      Defendants                         :

*O R D E R*

AND NOW, this 28th day of November, 2011, it is ordered that the motion (Doc. 12) of defendant, Scott James, to dismiss Plaintiff's complaint as against him is GRANTED.

                          /s/ William W. Caldwell
                          William W. Caldwell
                          United States District Judge