IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NAJA J. HAYMON PEYNADO, :
      Plaintiff :
       :
   v. : CIVIL NO. 1:CV-11-1103
       :
DANIEL J. ELLIS, SCOTT JAMES, :
DEBBIE LOUCKS, BRIAN WHITE, :
      Defendants :

M E M O R A N D U M

*I.*     *Introduction*

The pro se plaintiff, Naja J. Haymon-Peynado, filed this civil-rights action arising from an infestation of bed bugs in an apartment she rented from the York Housing Authority. She names as defendants Debbie Loucks, the Authority's executive director; Brian White, the Authority's housing manager; Daniel J. Ellis, an officer with the Office of Inspector General for the United States Department of Housing and Urban Development ("HUD"); and Scott James, a detective in the York County District Attorney's Office. We are considering Ellis's motion to dismiss the complaint against him.

*II.*     *Background*

On a motion to dismiss, "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Byers v. Intuit, Inc.*, 600 F.3d 286, 291 (3d Cir. 2010) (quoted case omitted).

According to the complaint, the relevant time period for the insect infestation was January 2011 to April 2011. Plaintiff alleges that on February 17, 2011, she was interviewed by Ellis. She told him about the infestation and the bug bites she sustained. (Doc. 1, at 3). Plaintiff asserts that Ellis is in charge of "investigating the orderly running of tenant's safety and protection." (Doc. 1, at 2-3). She avers that Ellis negligently failed to protect her from the infestation in violation of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment. She seeks compensatory and punitive damages against him. (Doc. 1, ¶¶ 5-6).

Ellis filed a motion to dismiss on December 21, 2011. On January 10, 2012, Ellis filed an Amended Certificate of Service indicating that the motion was mailed to plaintiff but was returned as undeliverable. We ordered Ellis to send a copy of the motion to plaintiff's updated address and required plaintiff to respond by February 23, 2012. Plaintiff filed a brief in opposition on March 1, 2012.

III.    *Discussion*

   *A. Standard of Review*

Federal Rule of Civil Procedure 12(b)(1) allows a court to dismiss a complaint for lack of subject-matter jurisdiction. When a motion to dismiss pursuant to Rule 12(b)(1) is presented, the plaintiff is required to "convince the court it has jurisdiction." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). Plaintiffs "bear the burden of establishing their standing." *Common Cause of Pa. v.*

*Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006)).

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d. 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955 at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965.) "[L]abels and conclusions" are not enough, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." *Fowler*, *supra*, 578 F.3d at 210. First, we separate the factual elements from the legal

elements and disregard the legal conclusions.  *Id.* at 210-11.   Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  *Id.* at  211 (quoted case omitted).

### *B.  State Law Negligence Claim*

Plaintiff brings a negligence claim against Ellis in his official capacity. Defendant argues that the United States is the proper defendant in this action and the suit is barred by sovereign immunity unless it is brought pursuant to the Federal Tort Claims Act ("FTCA").  We agree that the United States is the proper defendant and plaintiff must meet the requirements of the FTCA.  *See Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982) ("The bar of sovereign immunity cannot be avoided merely by naming officers and employees of the United States as defendants.").

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  *FDIC v. Meyers*, 510 U.S. 471, 475, 471, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994) (citations omitted).  In the Federal Tort Claims Act ("FTCA"), Congress waived immunity for tort claims brought against the United States for negligent acts of government officials acting within the scope of their employment.  28 U.S.C. § 2679(b)(1).  As noted, Plaintiff failed to name the United States as defendant, as required by the FTCA, and the negligence claim against Ellis must be dismissed.  *See* 28 U.S.C. § 2679(b)(1); *McNiff v. Asset Mgmt. Specialists, Inc.*, 337 F. Supp. 2d 685, 691 (E.D. Pa 2004) ("The only proper defendant in an action brought pursuant to the Federal Tort Claims Act is the United States of America.").

*C. Eighth Amendment and Fourteenth Amendment Due Process Claims*

*1. Subject-Matter Jurisdiction*

Defendant argues that plaintiff's complaint must be dismissed due to lack of subject-matter jurisdiction. Plaintiff brings claims pursuant to 42 U.S.C. § 1983 for the alleged violation of her Eighth and Fourteenth Amendment rights.[1] We have subject-matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331.

*2. Failure to State a Claim*

Ellis moves to dismiss, arguing that the Office of Inspector General has no duty to protect plaintiff from insect bites while residing in federally subsidized housing. He also raises the defense of qualified immunity.

We agree that the complaint fails to state a claim. The Eighth Amendment protects convicted prisoners, *Meyers v. Majkic*, 189 F. App'x 142, 143 n.2 (3d Cir. 2006) (nonprecedential), not tenants in federal housing. The Due Process Clause imposes no duty on a state actor to prevent harm to another from a third party. *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 196-97, 109 S.Ct. 998, 1003-04, 103 L.Ed.2d 249 (1989). *See also Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (nonprecedential) (citing *DeShaney* in ruling that a state police officer's and a county detective's mere failure to investigate was not a 42 U.S.C. § 1983 violation).

---

[1] Although plaintiff's complaint requests relief under "28 U.S.C. Section 1983," we construe her constitutional claims as being brought pursuant to 42 U.S.C. § 1983.

Thus, Plaintiff's allegations that Defendant did not protect her as alleged fails to state an Eighth Amendment or due process claim.

### D. Leave to Amend

Having dismissed the claims against Ellis, we must decide whether we should allow Plaintiff an opportunity to amend her claim. Pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. *Alston v. Parker,* 363 F.3d 229, 235 (3d Cir. 2004). We will not grant leave to file an amended complaint on the constitutional claims because an amendment would be futile.

Defendant argues that leave to amend Plaintiff's negligence claim would also be futile. He asserts that if Plaintiff amends her complaint, it would still fail because she did not exhaust her administrative remedies. Defendant is correct that Plaintiff must first exhaust available administrative remedies to bring a suit pursuant to the FTCA. *See* 28 U.S.C. §§ 2401(b), 2675(a). However, the two-year period to bring a claim to the government has not expired. If Plaintiff exhausts her administrative remedies within the required period, she may then file an amended complaint naming the United States as defendant.

## IV.     Conclusion

We will grant Defendant's motion to dismiss the complaint, and Plaintiff's constitutional claims are dismissed with prejudice. Plaintiff's FTCA claim may be refiled

against the United States upon a showing that she has exhausted available administrative remedies.

       We will issue an appropriate order.

                                        /s/ William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NAJA J. HAYMON PEYNADO,<br>   Plaintiff | :<br>:<br>: |
|  v. | :  CIVIL NO. 1:CV-11-1103<br>: |
| DANIEL J. ELLIS, SCOTT JAMES,<br>DEBBIE LOUCKS, BRIAN WHITE,<br>   Defendants | :<br>:<br>: |

## *O R D E R*

AND NOW, this 23rd day of March, 2012 upon consideration of Defendant Ellis' motion to dismiss Plaintiff's complaint (Doc. 25), and Plaintiff's response thereto, it is ordered that:

  1. Defendant's motion is GRANTED.

  2. Plaintiff's constitutional claims are dismissed with prejudice.

  3. Plaintiff's negligence claim may be refiled against the United States upon a showing that she has exhausted administrative remedies.

            /s/ William W. Caldwell
            William W. Caldwell
            United States District Judge