IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NAJA J. HAYMON PEYNADO, :
    Plaintiff :
   :
   v. : CIVIL NO. 1:11-CV-1103
   :
DEBBIE LOUCKS and BRIAN :
WHITE, :
    Defendants :

M E M O R A N D U M

*I.        Introduction*

The pro se plaintiff, Naja J. Haymon-Peynado, filed the instant civil rights action arising from an infestation of bed bugs in an apartment she rented from the York Housing Authority. She names as defendants Debbie Loucks, the Authority's Executive Director, and Brian White, the Authority's Housing Manager. We are considering cross motions for summary judgment and Defendants' motion to dismiss for lack of subject-matter jurisdiction.[1]

*II.       Background*

Plaintiff leased an apartment from the York Housing Authority. She alleges that from January 2011 to April 2011, her apartment was infested with bed bugs. In January 2011, Plaintiff informed White, the property manager, of her complaint. In April

---

[1] Plaintiff filed a "Brief in Support of Her Motion and Memorandum" (doc. 35) and a "Memorandum in Support of her Motin [sic] for Summary Judgment" (doc. 36). We will construe these as a motion for summary judgment and a brief in support of such motion.

2011, Plaintiff alerted Loucks, the Executive Director, of her continuing infestation issue. On April 8, 2011, Plaintiff was treated at the York County Hospital Emergency Department for bites related to the infestation.  Plaintiff asserts that Defendants Loucks and White failed to remedy her situation in violation of her Fifth, Eighth and Fourteenth Amendment rights.  Plaintiff's complaint may also be construed to bring a state law negligence claim against White and Loucks.

*III.        Discussion*

   *A. Standard of Review*

Federal Rule of Civil Procedure 12(b)(1) allows a court to dismiss a complaint for lack of subject-matter jurisdiction.  When a motion to dismiss pursuant to Rule 12(b)(1) is presented, the plaintiff is required to "convince the court it has jurisdiction." Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000). Plaintiffs "bear the burden of establishing their standing." Common Cause of Pa. v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009) (citing DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 (2006)).

We will examine the motions for summary judgment under the well-established standard. Lawrence v. City of Philadelphia, 527 F.3d 299, 310 (3d. Cir. 2008) ("Summary judgment is only appropriate if there are no genuine issues of material fact.").  We "must view all evidence and draw all inferences in the light most favorable to the non-moving party" and we will only grant the motion "if no reasonable juror could find

for the non-movant." Id. "Material facts are those 'that could affect the outcome' of the proceeding, and 'a dispute about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party.'" Roth v. Norfalco, 651 F.3d 367, 373 (3d Cir. 2011) (citing Lamont v. New Jersey, 637 F.3d 177, 181 (3d Cir. 2011).

### B. Fifth, Eighth, and Fourteenth Amendment and Due Process Claims

#### 1. Subject-Matter Jurisdiction

Defendants argue that Plaintiff's complaint must be dismissed due to lack of subject-matter jurisdiction. Plaintiff brings claims pursuant to 42 U.S.C. § 1983 for the alleged violation of her Fifth, Eighth, and Fourteenth Amendment rights.[2] We have federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331.

#### 2. Merits of Plaintiff's Constitutional Claims

White and Loucks move for summary judgment, asserting that Plaintiff failed to provide sufficient evidence to support a constitutional violation. We agree that these claims fail.

The Eighth Amendment protects convicted prisoners, Meyers v. Majkic, 189 F. App'x 142, 143 n.2 (3d Cir. 2006) (nonprecedential), not tenants in federal housing. Plaintiff's Fifth Amendment Due Process claim fails because it is not supported by any

---

[2] Although plaintiff's complaint requests relief under "28 U.S.C. Section 1983," we construe her constitutional claims as being brought pursuant to 42 U.S.C. § 1983.

evidence of a deprivation of life, liberty, or property. See U.S. Const. amend. V (providing that "[n]o personal shall . . . be deprived of life, liberty, or property, without due process of law"). To the extent Plaintiff's Due Process claim can be construed as a Fourteenth Amendment claim, it is also unsupported. See Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000) (requiring allegations of deprivation of life, liberty, or property to state a Fourteenth Amendment Due Process claim). Finally, Plaintiff provides no evidence of an Equal Protection violation. See Shuman ex rel. Shertzer v. Penn Manor Sch. Dist., 422 F.3d 141, 151 (3d Cir. 2005) (requiring a showing of treatment different from others similarly situated). Plaintiff's allegations that Defendants did not protect her from a bug infestation fail to support a constitutional claim.

### C. State Law Negligence Claim

Defendants argue that Plaintiff's negligence claim must be dismissed for lack of subject-matter jurisdiction. Plaintiff has failed to allege sufficient facts to allow her negligence claim to proceed based upon diversity jurisdiction. See 28 U.S.C. § 1332(a) (requiring diversity of citizenship and matter in controversy exceeding $75,000). Having found no viable constitutional claims, we decline to exercise supplemental jurisdiction over the remaining state law claim pursuant to 28 U.S.C. § 1367(c)(3). Without subject-matter jurisdiction, we must dismiss Plaintiff's claim.

*IV.        Conclusion*

We will grant Defendants' motion for summary judgment on Plaintiff's constitutional claims and Defendants' motion to dismiss the remaining state law claim for lack of subject-matter jurisdiction.

We will issue an appropriate order.

      /s/ William W. Caldwell
William W. Caldwell
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NAJA J. HAYMON PEYNADO,<br>      Plaintiff | :<br>:<br>: |
| v. | : CIVIL NO. 1:11-CV-1103<br>: |
| DEBBIE LOUCKS and BRIAN WHITE,<br>      Defendants | :<br>:<br>: |

*O R D E R*

AND NOW, this 12th day of June, 2012 upon consideration of the parties' cross motions for summary judgment (Docs. 32 and 35), it is ordered that:

1. Defendants' motion for summary judgment and to dismiss (Doc. 32) is GRANTED.

2. Plaintiff's motion for summary judgment (Doc. 35) is DENIED.

3. Plaintiff's constitutional claims are dismissed with prejudice.

4. Plaintiff's state law claims are dismissed without prejudice for lack of subject-matter jurisdiction.

5. The Clerk of Court shall close this case.

        /s/ William W. Caldwell
        William W. Caldwell
        United States District Judge